IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROY JOE KAISER, also known as Big Bro                                           PLAINTIFF

v.                   Civil No. 5:23-CV-05129-TLB-CDC

CAPTAIN GAGE, Benton County Detention
Center (BCDC); and DEPUTY GUERRERRO
(BCDC)                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Roy Joe Kaiser, a prisoner, filed the above-captioned civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. (ECF No. 6). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation on Defendants' Motion for Partial Summary Judgment. (ECF No. 13). Plaintiff has filed a response, (ECF No. 18), and this matter is ripe for the Court's consideration. Upon review of the entire record and for the reasons detailed below, the undersigned recommends that Defendants' Motion for Summary Judgment be **DENIED.**

### I.  BACKGROUND

As the Court understands it, Plaintiff's complaint asserts two causes of action. First, Plaintiff says that when he was in the medical department at the Benton County Detention Center (BCDC) being treated for injuries he sustained two day earlier, he approached Defendant Captain Gage intending to speak to him about those injuries.[1] According to Plaintiff, Defendant Gage told him that he did not want to speak to him and to leave him alone, but Plaintiff again asked to

---

[1] Unless otherwise noted, the facts in this section derive from Plaintiff's verified complaint.

1

speak to him, explaining that it was important. Plaintiff claims that Defendant Gage became even more agitated when Plaintiff followed him out of the medical department, yelling expletives at him. In response to something Plaintiff said, Plaintiff asserts that Defendant Gage used excessive force against him, by physically grabbing him and then dragging him down the "E-Pod" hallway, causing him physical pain. Plaintiff says that he could not bend his knee due to his previous injury. Plaintiff claims that he screamed at Defendant Gage to stop, but Defendant Gage told him that he "did not care" and that "maybe next time [Plaintiff] would listen when he told him to leave him alone." Plaintiff says that he did not receive any medical attention after this incident.

Second, according to Plaintiff, he was then disciplined because Defendant Guerrero falsely reported that he had resisted and failed to obey a direct order. Plaintiff says that he filed grievances, but nothing has been done, and that his request to appeal his disciplinary charge was refused. Plaintiff identifies the defendants in their official and individual capacities. For relief, Plaintiff requests monetary damages.

## II. PROCEDURAL POSTURE

After granting Plaintiff's request to proceed IFP, *see* (ECF No. 6), service was ordered. (ECF No. 8). Upon receipt of the Defendants' Answer, this Court ordered that Defendants to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies pursuant to 42 U.S.C. § 1997(e)(a) by October 30, 2023, or promptly file a notice informing the Court and parties that Defendants did not intend to pursue an exhaustion defense at trial. (ECF No 11). On October 30, 2023, this Court received Defendants' First Motion for Partial Summary Judgment, and Memorandum and Statement of Facts in Support. (ECF Nos. 13-15). The Court then directed Plaintiff to respond, *see* (ECF No. 16), and Plaintiff

timely filed an objection to Defendants' Motion. (ECF No. 18).

### III. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." *Ward v. Olson*, 939 F. Supp. 2d 956, 961 (D. Minn. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material only when its resolution would affect the outcome of a case. *Anderson*, 477 U.S. at 248.

Further, the moving party bears the initial burden of identifying "those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2001). In response, the nonmoving party "may not rest upon mere denials or allegations but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). In considering a summary judgment motion, the court views all the evidence and inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.

### IV. LEGAL ANALYSIS

As their sole basis for summary judgment, Defendants assert that Plaintiff does not qualify for *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915(g). (ECF No. 13). Defendants claim that Plaintiff is barred from pursuing this action IFP because he brought at least three of his previous civil actions as a prisoner and those actions were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted; Defendants specifically identify *Kaiser v. Smith, et al.*, Case No. 5:10-CV-5135-JLH (W.D. Ark. July 19, 2010); *Kaiser v. Lt.*

*Carter, et al.*, Case No. 5:10-CV-5138-JLH (W.D. Ark. July 22, 2010); and *Kaiser v. North Bay Village Police*, Case No, 1:10-CV-22941-CMA (S.D. Fl. Aug. 16, 2010). *Id.* Defendants request that Plaintiff's IFP status be revoked and that he be ordered to pay the full civil filing fee before proceeding with this action. *Id.*

Defendants misapprehend this Court's orders, the law of summary judgment, and the limitations on prisoners proceeding IFP.

Prisoner cases, such as this one, are subject to the Prison Litigation Reform Act (PLRA), which provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, a prisoner-plaintiff's failure to first exhaust his administrative remedies before filing an action in federal court is an affirmative defense to that action. *See Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (citing *Jones v. Block*, 549 U.S. 199, 212 (2007)). When non-exhaustion is raised as an affirmative defense, moreover, it must be resolved before a district court may proceed to address the merits of the case. *See Benjamin v. Ward Cty.*, 632 F. App'x 301 (8th Cir. 2016) (per curiam) ("[W]e conclude that the district court erred by proceeding to the merits of [the prisoner-plaintiff's claims] without first determining whether he had exhausted administrative remedies that were available . . ..").

Against this legal backdrop, this Court ordered Defendants to file a motion for summary judgment on the issue of exhaustion by October 30, 2023, or promptly file a notice advising the Court that it did not intend to pursue that defense. (ECF No. 11).

The Defendants did neither.

Instead, the Defendants filed the pending motion for summary judgment on grounds that Plaintiff's IFP status should be revoked pursuant to Section 1915(g). Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. And that Rule says, in pertinent part, "[a] party may move for summary judgment, *identifying each claim or defense—or the part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). It goes without saying that Plaintiff's IFP status does not relate to any of his claims – in whole or in part. Defendants, moreover, cite no law that improper IFP status under Section 1915(g) is a defense to prisoner-plaintiff litigation, and sloppily suggest dismissal of the action may be appropriate. (ECF No. 13, ¶ 3) ("Separate Defendants have filed its (sic) brief which more fully discusses the facts and law which lead to the conclusion that this case should be dismissed."). Defendants' Motion for Summary Judgment is improper pursuant to Rule 56 and should be denied on that basis alone.

Furthermore, the Defendants' analysis of 28 U.S.C. § 1915(g) is incorrect. Pursuant to that statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [and be granted IFP status] if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g). Defendants claim the following three cases constitute "strikes" precluding Plaintiff from qualifying for IFP status unless he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g): *Kaiser v. Smith, et al.*, Case No. 5:10-CV-5135-JLH (W.D. Ark. July 19, 2010); *Kaiser v. Lt. Carter, et al.*, Case No. 5:10-CV-5138-JLH (W.D. Ark. July 22, 2010); and *Kaiser v. North Bay Village Police*, Case No, 1:10-CV-22941-CMA (S. D. Fl. Aug.

16, 2010).  The Court takes each case in turn.

In *Kaiser v. Smith*, Plaintiff, who was incarcerated at the Grimes Unit of the Arkansas Division of Correction (ADC), failed to comply with the court's scheduling order.  *Smith*, 5:10-CV-5135 (ECF No. 18).  When court staff contacted Plaintiff to inquire about his noncompliance, he advised the court he wanted to voluntarily dismiss the case. *Id.*  Consistent with that request, Plaintiff's action was dismissed without prejudice. *Id.* (ECF No. 19).  Nothing in the District Court's dismissal order suggests that the action itself was frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). *Id.*

The District Court entered an order dismissing *Kaiser v Lt. Carter* pursuant to Fed. R. Civ. P. 41(b) after Plaintiff failed to comply with the court's order. *Lt. Carter*, 5:10-CV-5138 (ECF No. 22).  Again, nothing in the Court's order suggests the action was frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). *See id.*

Finally, in *Kaiser v. North Bay Village Police*, the District Court entered an order dismissing the action without prejudice after Plaintiff failed to update the court with his current address.  *North Bay Village Police,* Case No, 1:10-CV-22941-CMA (ECF No. 15).  As above, nothing in that order indicates that the action itself was frivolous, malicious, or failed to state a claim as a matter of law, either. *Id.*

In all three cases, an order for dismissal followed Plaintiff's failure to prosecute the action. In the Eighth Circuit, such dismissals "may not fall within the ambit of section 1915(g)." *Anderson v. Langley*, 84 F. App'x 710 (8th Cir. 2003) (per curiam).  Certainly, a dismissal for failure to prosecute does not constitute a "strike" under the clear language of Section 1915(g). *See Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (declining to consider a dismissal for failure to

comply with Fed. R. Civ. P. 8 as a "strike" under 28 U.S.C. § 1915(g) because it does not fall within the clear language of that statute). This Court, therefore, finds no basis in law or fact to conclude that dismissal of the cases identified by the Defendants – *Kaiser v. Smith, et al.*, Case No. 5:10-CV-5135-JLH (W.D. Ark. July 19, 2010); *Kaiser v. Lt. Carter, et al.*, Case No. 5:10-CV-5138-JLH (W.D. Ark. July 22, 2010); and *Kaiser v. North Bay Village Police*, Case No, 1:10-CV-22941-CMA (S. D. Fl. Aug. 16, 2010) – constitute "strikes" against Plaintiff within the meaning of 28 U.S.C. § 1915(g). Therefore, even if Defendants' Motion was properly before the Court (and it is not), the Motion fails on the merits.

## V.   CONCLUSION

For these reasons, the undersigned recommends Defendants' Motion for Partial Summary Judgment, (ECF No. 13), be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 23rd day of January 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

7