IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROY JOE KAISER, also known as Big Bro                                   PLAINTIFF

v.                                   Civil No. 5:23-CV-05129-TLB-CDC

CAPTAIN GAGE, Benton County Detention
Center (BCDC); and DEPUTY
GUERRERRO, (BCDC),

                                                                       DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Roy Joe Kaiser initiated this civil rights action pursuant to 42 U.S.C. § 1983. (ECF

No. 1). He proceeds *pro se* and *in forma pauperis* ("IFP"), (ECF No. 3). Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

This matter is currently before the Court on Plaintiff's failure to prosecute this case.

## I.        BACKGROUND

On August 7, 2023, Plaintiff, who was in the custody of the Benton County Detention

Center ("BCDC"),[1] initiated this action generally alleging that the defendants violated his

constitutional rights. (ECF No. 1). That same day, this Court ordered Plaintiff to submit a

complete *in forma pauperis* ("IFP") application, including a signed certificate of inmate account

and assets form as required by law, *see* 28 U.S.C. § 1915(a)(2), or to pay the full filing fee by

August 28, 2023, failing which this matter would be recommended for dismissal for failure to

---

[1]        In the Complaint, Plaintiff asserts that he was in custody at the BCDC pending new
criminal charges and was also serving a 90-day sanction on a probation violation stemming from
those new charges. (ECF No. 1).

1

prosecute.  (ECF No. 3).  To assist Plaintiff in complying with this Order, the Clerk mailed Plaintiff a copy of this District's IFP application.  This order was not returned as undeliverable.

On August 17, 2023, Plaintiff filed a complete Motion to Proceed IFP.  (ECF No. 5).  The next day, this Court granted Plaintiff's request to proceed IFP.  (ECF No. 6).  That order also directed Plaintiff to update the Court with any change of address within thirty (30) days of any such change and cautioned him that failure to do so would result in dismissal of this action.  *Id.* This Order was not returned as undeliverable.

After preserve review of the Complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered that the defendants be served with the Complaint and directed the defendants to respond to this lawsuit within 21 days of service being executed.  (ECF No. 8).  On September 13, 2023, Defendants filed an Answer.  (ECF No. 10).  The next day, this Court ordered the Defendants to either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by October 30, 2023, or file a notice advising the Court and parties that they did not intend to pursue that affirmative defense at trial.  (ECF No. 11).

On October 30, 2023, Defendants filed a Motion for Partial Summary Judgment and a memorandum and statement of facts in support.  (ECF Nos. 13-15).  The next day, this Court directed Plaintiff to respond to Defendants' Motion for Partial Summary Judgment and provided instructions on how to respond.  (ECF No. 16).  On November 8, 2023, Plaintiff filed a Motion to Appoint Counsel, (ECF No. 17), and self-styled "Objections" to Defendants' Motion for Partial Summary Judgment, (ECF No. 18).

On November 20, 2023, this Court denied Plaintiff's Motion for Counsel on the grounds that the claims were neither legally nor factually complex and because Plaintiff was adequately

prosecuting his case at that time.  (ECF No. 19).  On January 23, 2024, this Court recommended that Defendants' Motion for Partial Summary Judgment be denied.  (ECF No. 20).  On January 29, 2024, this Court entered an initial scheduling order governing discovery and directing the Defendants to file a motion for summary judgment on the merits by June 27, 2024.  (ECF No. 21).

On February 6, 2024, Plaintiff filed his second Motion to Appoint Counsel.  (ECF No. 22). Upon review of Plaintiff's motion, this Court denied that motion on the grounds that Plaintiff had failed to identify any change in circumstances from his first request for counsel that warranted appointment of counsel.  (ECF No. 23).  On February 12, 2024, Judge Brooks adopted this Court's recommendation denying Defendants' Motion for Partial Summary Judgment.  (ECF No. 24).

On June 24, 2024, Defendants filed a Motion for Extension of Time to File a Motion for Summary Judgment.  (ECF No. 25).  This Court granted that request and directed Defendants to file their motion for summary judgment by July 12, 2024.  (ECF No. 26).  On July 3, 2024, Plaintiff's mail was returned as undeliverable.  (ECF No. 27).  On July 12, 2024, Defendants filed a Motion for Summary Judgment and memorandum and statement of facts, including seven (7) exhibits in support.  (ECF Nos. 28-30).  That same day, this Court directed Plaintiff to file his response by August 2, 2024, failing which this matter would be subject to dismissal.  (ECF No. 31).  When that deadline passed with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with court orders.  (ECF No. 34).  Plaintiff's response was due August 27, 2024.  *Id.*  On August 15, 2024, Plaintiff's mail— namely, his copy of the Court's show cause order—was returned as undeliverable.  (ECF No. 35).

Plaintiff's deadlines to provide his updated contact information and to respond to the Court's show cause order have passed, and Plaintiff has failed to respond.

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure, moreover, specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

Additionally, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless otherwise specified.  Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).  The court's decision to dismiss an action with prejudice is "within the permissible range of its discretion."  *Brown*, 806 F.2d at 803.  In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice.  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit set forth the standard the Court must consider before dismissing with prejudice for failure to prosecute:

4

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id*.

### III.    ANALYSIS

Here, this Court directed Plaintiff to respond to two court orders—the order directing him to respond to Defendants' Motion for Summary Judgment, (ECF No. 31), and this Court's Order to Show Cause, (ECF No. 34)—but Plaintiff has failed to comply.  Further, Plaintiff's mail has been returned as undeliverable.  More than 30 days have elapsed since the Court received Plaintiff's first returned mail, (ECF No. 27), and Plaintiff has failed to update the Court with his current contact information.  Plaintiff, therefore, has failed to comply with court orders and has failed to prosecute this action.  This case should therefore be dismissed.

Indeed, the only question before this Court is whether this matter should be dismissed with or without prejudice.  In this case, this Court has already addressed the Defendants' Motion for Partial Summary Judgment on the issue of exhaustion, (ECF Nos. 20, 24), the parties have engaged in (and completed) discovery, and the Defendants have expended resources preparing and submitting their Motion for Summary Judgment on the merits, (ECF Nos. 28-30).  For his part, at the outset of the case, Plaintiff was provided with a copy of this District's Prisoner Litigation Guide, this Court directly informed him of the requirement to keep the Court and parties informed of his updated address within 30 days of a change of address, and, later, Plaintiff responded to the Defendants' Motion for Partial Summary Judgment on the issue of exhaustion.  Plaintiff also filed two motions requesting appointment of counsel.  This Court, therefore, concludes that while

Plaintiff was well aware of his obligation to inform the Court of his updated address, he intentionally failed to comply with that requirement.

With these intentional failures, Plaintiff has failed to prosecute this matter. Considering those intentional failures and the late stage of this litigation, this Court recommends that this matter be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 16th day of September 2024.

*/s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE